IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ESSEX V. DEBERRY,**

                   **Petitioner,**

      v.                                              **CASE NO. 03-3346-RDR**

**COMMANDANT, UNITED STATES
DISCIPLINARY BARRACKS, et al.,**

                   **Respondents.**


**O R D E R**

Petitioner proceeds pro se on a petition for writ of habeas corpus filed while petitioner was confined in the United States Disciplinary Barracks in Fort Leavenworth, Kansas.[1] Having reviewed the record which contains respondents' answer and return, the court finds this matter is ready for decision.

Background

Petitioner challenges his 1999 court martial convictions for conspiracy to commit aggravated assault, aiding and abetting aggravated assault, willfully discharging a firearm under circumstances as to endanger human life, and carrying a concealed weapon. The convening authority approved the sentence which included petitioner's bad conduct discharge from the Army, 48 months of confinement, and forfeiture of all pay and allowances.

Petitioner pursued appellate review without success in the Army Court of Criminal Appeals and in the Court of Appeals for the Armed

---

[1] Petitioner has since been released from confinement upon expiration of his sentence.

Forces. He now seeks relief on four claims.

Petitioner first claims his conspiracy conviction must be set aside because his co-conspirator was acquitted of that charge. Second, petitioner claims the charges against him were multiplicitous for sentencing. Third, petitioner claims he was denied his constitutional right of effective assistance of trial and appellate counsel. And fourth, petitioner claims his sentence was inappropriate compared to the sentence imposed on his co-conspirator.

## Discussion

It is well established that federal courts have only limited authority to review decisions made by courts-martial. *See* Burns v. Wilson, 346 U.S. 137, 139-42 (1953)(plurality). If the grounds for relief presented by petitioner were afforded full and fair review in the military courts, a federal court will not review them. Roberts v. Callahan, 321 F.3d 994, 995 (10th Cir. 2003)(*citing* Burns and Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993), *cert. denied* 510 U.S. 1091 (1994)). An issue has received "full and fair consideration" if it was briefed and argued, even if the military tribunal summarily disposed of the matter. *See* Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986). Four factors guide a federal court's review for "full and fair consideration" and whether federal habeas review of a claim asserted by a military petitioner is authorized: (1) the asserted error must be of substantial constitutional dimension; (2) the issue must be one of law rather than of disputed fact already determined by the military tribunals; (3) military considerations may warrant different treatment of constitutional claims; and (4) military

courts must give adequate consideration to issues involved and apply proper legal standards. *See* Roberts, 321 F.3d at 996-97 (*citing* Dodson v. Zelez, 917 F.2d 1250, 1252-53 (10th Cir. 1990))*and* Lips, 997 F.2d at 811.

If petitioner failed to present a claim to the military courts, this court will consider that ground waived. Roberts, 321 F.3d at 995 (*citing* Watson, 782 F.2d at 145). The sole exception to such a waiver is that a petitioner may obtain review by showing cause and actual prejudice for the default. Roberts, 321 F.3d at 995(*citing* Lips, 997 F.2d at 812).

A review of the record before this court establishes that the petitioner's first, second, and fourth claims were given full and fair review by the military appellate courts. The court finds nothing in the record to disturb the military courts' determination that petitioner's conspiracy conviction and sentence were legally and factually sufficient, and that the sentence imposed was appropriate.

Respondents assert that petitioner failed to present his allegations of ineffective trial and appellate counsel to the military courts, and petitioner filed no traverse to contest that assertion. Federal habeas review of this final claim is thus waived, and petitioner offers no cause and prejudice to excuse his failure to pursue this issue in the military courts.

## Conclusion

The court concludes the habeas petition should be dismissed and all relief denied. The three claims petitioner asserted in the military courts were given full and fair review by those courts, and no legal basis for any further collateral review of these claims has

been demonstrated.  Petitioner waived habeas review of his final claim by not presenting it to the military appellate courts.

 IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is denied.

 DATED:  This 12th day of May 2006, at Topeka, Kansas.


          s/ Richard D. Rogers
         RICHARD D. ROGERS
         United States District Judge